FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 APR -7  PM 1: 14

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
        DEPUTY

ROSHAWN DEON JOINER,
         Movant,

-vs-

UNITED STATES OF AMERICA,
         Respondent.

Case No. A-13-CA-1097-SS
[No. A-12-CR-014(1)-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Roshawn Deon Joiner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#46], and Respondent United States of America's Response [#55]. Having considered the documents, the file as a whole, and the governing law, the Court enters the following opinion and orders DISMISSING the motion.

### Background

On January 17, 2012, a grand jury returned an indictment charging Roshawn Deon Joiner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 5, 2012, Joiner pleaded guilty to the indictment without a plea agreement. On May 18, 2012, the Court sentenced Joiner to 151 months imprisonment. *See* Resp't's Resp. [#55-2], Ex. B (Sentencing Tr.), at 2. The Court told Joiner he had fourteen days to file a notice of appeal, and he would lose the right to appeal if he failed to meet this deadline. *Id.* at 16. The Court entered judgment on May 22, 2012.

On March 21, 2013, Joiner filed a motion asking the Court to accept an out-of-time notice of appeal. *See* Notice of Appeal [#39]. On March 25, 2013, the Court denied the motion but stated that Joiner could "raise a claim of ineffective assistance of counsel in a motion, filed pursuant to 28 U.S.C. § 2255, requesting an out-of-time appeal." *See* Order of Mar. 25, 2013 [#40]. Nine months later on December 30, 2013, Joiner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#46].

## Analysis

Joiner's motion is time-barred by statute. The limitations period for § 2255 motions is one year. 28 U.S.C. § 2255(f). The period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f)(1)–(4). Only subsection (f)(1) is relevant here: the date on which the judgment of conviction became final.

A judgment of conviction becomes final under § 2255 when either (1) direct review, if any, concludes, or (2) the time to pursue a direct review expires. *See Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000). Here, no direct appeal was timely filed, and therefore Joiner's judgment of conviction became final fourteen days after it was entered, which would be June 5, 2012. Joiner signed his instant § 2255 motion on

December 24, 2013, and it was filed December 30, 2013, approximately seven months after the one-year limitations period had expired.

The Court sees no reason why the statute of limitations should have started to run any later than June 5, 2012, nor does the Court see any reason why equitable tolling should apply. Moreover, Joiner does not make any arguments concerning the applicability of the statute of limitations in his § 2255 motion, and he has not filed a reply to date.[1]

Because Joiner's claims are time-barred, the Court DISMISSES WITH PREJUDICE his § 2255 motion.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

---

[1] In his § 2255 motion, Joiner does claim to rely upon new rights announced by the Supreme Court in *Descamps v. U.S.*, 133 S. Ct. 2276 (2013) and *Alleyne v. U.S.*, 133 S. Ct. 2151 (2013). The Supreme Court, however, has not declared these decisions to be retroactively applicable on collateral review. First, this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review. *See Randolph v. United States*, No. CCB-13-1227, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, No. 2:11-CR-37-JHH-RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review). Second, the Fifth Circuit has held *Alleyne* does not apply retroactively to challenges to sentences on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Accordingly, to the extent Joiner contends the statute of limitations on his claims should start from the date of either *Descamps* or *Alleyne* pursuant to § 2255(f)(3), the Court rejects this argument.

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Joiner's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## Conclusion

Accordingly,

IT IS ORDERED that Movant Roshawn Deon Joiner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [#46] is DISMISSED WITH PREJUDICE as time-barred;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 7th day of April 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE