IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROSHAWN DEON JOINER,
    Movant,

-vs-

UNITED STATES OF AMERICA,
    Respondent.

CAUSE NO. A-12-CR-0014-SS
A-16-CV-01069-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Roshawn Joiner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#62], Joiner's Memorandum in Support [#63], the Government's Response [#67] in opposition, and Joiner's Reply [#68] in support. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

On March 21, 2006, Joiner was charged in a one-count Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Mem. Supp. [#63] at 1. Joiner pleaded guilty to the Indictment. *Id.* The Presentence Investigation Report (PSR) recommended an enhanced sentence under the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e), on the basis of Joiner's prior convictions: two for robbery in violation of Texas Penal Code § 29.02, one conviction for aggravated robbery in violation of Texas Penal Code § 29.03, and one for attempted murder under Texas Penal Code § 19.02. *Id.* at 2; Resp. [#67] at 2–3 (citing PSR ¶¶ 1, 25, 54, 55). On May 18, 2012, the Court sentenced Joiner to 151 months'

imprisonment followed by a 5-year term of supervised release. Mem. Supp. [#63] at 2; Resp. [#67] at 3. Joiner's untimely appeal was dismissed by this Court. Mem. Supp. [#50] at 2; Resp. [#67] at 3; Order of Mar. 25, 2013 [#40].

On September 1, 2016, Joiner filed the instant § 2255 motion premised upon the Supreme Court's holding in *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015), made retroactive by the Supreme Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016).[1] Joiner argues he is entitled to a new sentence because his prior convictions are not violent felonies under the ACCA.

## Analysis

### I. Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must

---

[1] Joiner filed his first § 2255 motion on December 30, 2013. *Joiner v. United States*, No. 1:13-cv-1097-SS (W.D. Tex. Dec. 30, 2019). After *Johnson II*, the Fifth Circuit authorized Joiner to file the instant § 2255 motion. Order of Sep. 14, 2016 [#61] at 1.

show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II. Application

The ACCA provides that a person who possesses a gun in violation of § 922(g) and has three previous convictions for a "violent felony" or a "serious drug offense" faces a higher sentencing range than would otherwise apply. 18 U.S.C. § 924(e). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

*Id.* § 924(e)(2)(B)(i)–(ii) (emphasis added). Clause (i) is known as the "elements clause." *Welch*, 136 S. Ct. at 1261. The italicized portion of clause (ii) is referred to as the "residual clause." In *Johnson II*, the Supreme Court held that the residual clause was "unconstitutionally vague." 135 S. Ct. at 2557. Imposing an enhanced sentence based on the residual clause, therefore, violates due process. *Id.* at 2556–57.

The issue in this case is whether Joiner's convictions for robbery, aggravated robbery, and attempted murder qualify as violent felonies under the ACCA. As explained below, the Court concludes Joiner's prior convictions qualify as violent felonies, and thus, his sentence was appropriately enhanced under the ACCA.

### A. Robbery in Violation of Texas Penal Code § 29.02

The parties agree Joiner's two robbery convictions under § 29.02 of the Texas Penal Code no longer qualify as ACCA under the now-unconstitutional residual clause. But the parties

3

disagree whether Joiner's two robbery convictions qualify as ACCA "violent felon[ies]" under the elements clause. Mem. Supp. [#65] at 4; Reply [#71] at 2–6; Resp. [#70] at 4.

Under the elements clause, an offense constitutes a violent felony if it includes "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The phrase "physical force," as used within the elements clause, means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 140 (2010).

In Texas, a person commits robbery "if, in the course of committing theft . . . and with the intent to obtain or maintain control of the property," he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE § 29.02(a)(1)–(2).

The Supreme Court and the Fifth Circuit have not addressed whether the Texas offense of robbery has "as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

The district courts in this circuit are split on this issue. For instance, the court in *United States v. Roman* concluded a robbery conviction based on § 29.02's "threat" element was a violent felony for purposes of the ACCA. *See* CR H-92-160, 2016 WL 7388388, at *3 (S.D. Tex. Dec. 20, 2016). The same conclusion was reached in *United States v. Garza*. *See* 2:04-CR-269, 2017 WL 318861, at *3 (S.D. Tex. Jan. 23, 2017). More recently, Judge Rodriguez, held a "Defendant's robbery by assault conviction constituted a violent felony for purposes of § 924(e) because the Texas robbery statute has as an element the use, attempted use, or threatened use of physical force against the person of another." *Campbell v. United States*, SA-05-CR-141-XR,

4

2017 WL 1401337, at *3 (W.D. Tex. Apr. 19, 2017). However, at least one court has reached the opposite conclusion. *See United States v. Fennell*, 3:15-CR-443-L (01), 2016 WL 4491728, at *6 (N.D. Tex. Aug. 25, 2016), aff'd, 695 F. App'x 780 (5th Cir. 2017) ("Because the Texas offense of robbery is broad enough to entail even the slightest use of force that results in relatively minor physical contacts and injuries, and the degree or character of the physical force exerted is irrelevant, the court concludes that it covers conduct that does not involve the type of 'violent force' contemplated by the ACCA and § 924(e)(2)(B)(i)").

The Court finds Joiner's two robbery convictions qualify as ACCA "violent felon[ies]" under the elements clause. The Fifth Circuit has yet to decide whether § 29.02 of the Texas Penal Code is an indivisible or divisible statute. If a statute is indivisible, the sentencing court must apply the "categorical approach" to focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another. *United States v. Lerma*, 877 F.3d 628, 631 (5th Cir. 2017). "When a statute is divisible, however, the sentencing court may use the 'modified categorical approach' to determine which elements played a part in the defendant's conviction." *Id.* The Court reaches the same conclusion on Joiner's robbery convictions under both approaches.

Applying the modified categorical approach, it is clear one of Joiner's robbery convictions involved causing bodily injury under § 29.02(a)(1), while the other involved the use of threat under § 29.02(a)(2). Joiner's 1993 robbery conviction included "caus[ing] bodily injury to [the victim] by striking and hitting the said [victim] with the fist and hand of [defendant]." Resp. [#70] at Ex. E. Joiner was convicted again of robbery in 1994, this time "using and exhibiting a deadly weapon, to-wit: a shotgun intentionally and knowingly threaten and place [the victim] in fear of imminent bodily injury and death." Resp. [#70] at Ex. D. Because

Joiner's robbery convictions involved causing bodily injury or threatening or placing another in fear of imminent bodily injury or death, these convictions have "as an element the use, attempted use, or threatened use of physical force against the person of another" to qualify as violent felonies under § 924(e)(2)(B)(i). *See Roman*, 2016 WL 7388388, at *3; *Garza*, 2017 WL 318861, at *3; *Campbell*, 2017 WL 1401337, at *3.

Applying the categorical approach, Texas robbery is a crime of violence because it requires the use or threatened use of force against another. *See United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006) (finding Louisiana's similar robbery statute qualifies as a violent felony under the ACCA elements clause because "simple robbery is a crime of violence, and a crime of violence necessarily entails the use or threatened use of force.").

In sum, Joiner's two robbery convictions qualify as ACCA "violent felon[ies]" under the ACCA elements clause.

### B. Aggravated Robbery in Violation of Texas Penal Code § 29.03

The parties also disagree whether Joiner's aggravated robbery conviction qualifies as ACCA "violent felony" under the elements clause. Mem. Supp. [#63] at 9–10; Resp. [#67] at 10–15.

In Texas, a person commits aggravated robbery "if he commits robbery as defined in Section 29.02" and he:

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or dead, if the other person is:

    (A) 65 years of age or older; or

    (B) a disabled person.

TEX. PENAL CODE § 29.03(a)(1)–(3). Thus, the Texas aggravated robbery statute requires a person commit robbery and meet one of the additional requirements in § 29.03(a)(1)–(3).

The Texas aggravated robbery statute is divisible. *See United States v. Lerma*, 877 F.3d 628, 634 (5th Cir. 2017). Specifically, the Fifth Circuit determined § 29.03 recites four separate crimes of aggravated robbery:

| Crime No. 1 § 29.03(a)(1) | robbery and serious bodily injury |
|---|---|
| Crime No. 2 § 29.03(a)(2) | robbery and defendant uses a deadly weapon |
| Crime No. 3 § 29.03(a)(2) | robbery and defendant exhibits a deadly weapon |
| Crime No. 4 § 29.03(a)(3) | robbery and victim is 65 years of age or older or disabled |

*See id.* at 637. The Court must apply the modified categorical approach to determine which of the above crimes Joiner was convicted of. *See id.* at 634.

Here, the *Shepard* documents reflect Joiner was convicted of Crime No. 2 under § 29.03(a)(2). Joiner was indicted and convicted of intentionally and knowingly using a deadly weapon—a knife—in the commission of a robbery. Resp. [#67] at Ex. C (stating "in the course of committing theft of property and with intent to obtain and maintain control of said property by using an exhibiting a deadly weapon, to-wit: a knife intentionally and knowingly threaten and place [the victim] in fear of imminent bodily injury and death.").

Contrary to Joiner's arguments, robbery with use of a deadly weapon under § 29.03(a)(2) is a violent felony under the elements clause in § 924(e)(2)(B)(i). The Fifth Circuit recently addressed this precise issue in *Lerma:*

There can be no question that a crime under Texas Penal Code § 29.03(a)(2), that is, threatening someone with imminent bodily injury or death, or placing someone in fear of such, while using or exhibiting a deadly weapon in the course of committing theft with intent to obtain or maintain control of the property, has as an element the threatened use of physical force against the person of another.

*Lerma*, 2017 WL 6379724, at *7. Therefore, Joiner's aggravated robbery qualifies as a "violent felony" under the elements clause of the ACCA

### C. Attempted Murder in Violation of Texas Penal Code § 19.02

Joiner further contends his conviction for attempted murder does not qualify as ACCA "violent felony" under the elements clause. Mem. Supp. [#65] at 4–9.

As an initial matter, the Court need not resolve this issue in light of its rulings above. Enhancement under the ACCA only requires three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). Because Joiner's two robbery convictions and one aggravated robbery conviction constitute violent felonies, Joiner was properly classified as an armed career criminal subject to an enhanced sentence.

Nevertheless, the Court concludes Joiner's conviction for attempted murder also qualifies as ACCA violent felony. In Texas, a person commits attempted murder if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX. PENAL CODE § 19.02(b).

Applying the modified categorical approach, the Court concludes Joiner was convicted of attempted murder under § 19.02(b)(1). Joiner's indictment recites that he "did then and there with the specific intent to commit the offense of murder did then and there attempt to cause the

8

death of [the victim] by shooting at the said [victim] with a deadly weapon, to wit: a handgun." Resp. [#70] at Ex. B.

Shooting a gun at another constitutes a use of force sufficient to qualify as a predicate offense under § 924(e)(2)(B)(i). *See United States v. Gonzales*, 2:11-CR-801, 2017 WL 978700, at *4 (S.D. Tex. Mar. 13, 2017) (finding attempted murder with use of a deadly weapon "involved the use of force" for a conviction under § 19.02(b)(1), and listing cases in support of the proposition that "shooting at another constitutes a use of force").

For these reasons, Joiner's attempted murder conviction also qualifies as an ACCA "violent felony" under the elements clause.

## Conclusion

Having reviewed the relevant law, the Court finds Joiner's two Texas robbery convictions, one Texas aggravated robbery conviction, and one Texas attempted murder conviction are all violent felonies under § 924(e)(2)(B)(i). Thus, Joiner's sentence was properly enhanced under the ACCA.

Accordingly,

IT IS ORDERED that Movant Roshawn Joiner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#62] is DENIED; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 9th day of February 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE